No. 82,848

In the Matter of DARRIL L. HOLDEN, SR., *Respondent.*

(982 P.2d 399)

Opinion filed July 9, 1999.

*Stanton A. Hazlett,* disciplinary administrator, argued the cause and was on the formal complaint for petitioner.

*Darril L. Holden, Sr.,* respondent, argued the cause pro se.

*Per Curiam:* This is an original proceeding in discipline against respondent Darril L. Holden, Sr., an attorney admitted to the practice of law in Kansas and Oklahoma, whose registered address is Lenexa, Kansas. Respondent currently resides in Edmond, Oklahoma.

Respondent stipulated to the facts and violations as alleged in the formal complaint. The pertinent part of the stipulation as found by the panel of the Kansas Board for Discipline of Attorneys is as follows:

"4. On March 21, 1995, respondent was suspended from the practice of law for one year by the Oklahoma Supreme Court. The incident which led to respondent's suspension was giving advice to a client to remove a child from Oklahoma in violation of an Order of a Court.

"5. On July 15, 1996, respondent was suspended for an additional two years and one day by the Oklahoma Supreme Court. The suspension was ordered because respondent accepted representation of three clients while still under suspension pursuant to the Oklahoma Supreme Court's first Order of suspension. Respondent also misled officials of the Oklahoma Bar Association about whether he had practiced law while he was on suspension.

"6. Respondent set up a law office in Lenexa, Kansas in the Summer of 1996. [R]espondent did not notify the Kansas Supreme Court . . . that he had been suspended in Oklahoma."

Respondent's acts are a violation of Kansas Rules of Professional Conduct (KRPC) 1.2(d) (1998 Kan. Ct. R. Annot. 285) (counseling a client to engage, or assisting a client, in conduct that the lawyer knows is criminal or fraudulent); and KRPC 8.4(d) (1998 Kan. Ct. R. Annot. 386) (engaging in conduct that is prejudicial to the administration of justice).

The panel found that respondent had violated Supreme Court Rule 211(b) (1998 Kan. Ct. R. Annot. 233) (failing to serve an answer upon the Disciplinary Administrator within 20 days after the service of the complaint); and Rule 207(c) (1998 Kan. Ct. R. Annot. 222) (failing to report to the Disciplinary Administrator his suspensions by the Oklahoma Supreme Court).

The panel received stipulated evidence and heard testimony concerning respondent's conduct. The panel recommended that respondent be indefinitely suspended from the practice of law and that he be required to complete an ethics course before being readmitted to practice law. We agree.

IT IS THEREFORE ORDERED that respondent be indefinitely suspended from the practice of law in Kansas. Respondent shall take and pass the Multistate Professional Responsibility Exam within 6 months prior to applying to this court for readmission to the Kansas bar.

IT IS FURTHER ORDERED that respondent shall comply with the conditions set forth in Kansas Supreme Court Rule 218 (1998 Kan. Ct. R. Annot. 246), and at the end of the indefinite suspension, or any time thereafter, shall comply with Supreme Court Rule 219 (1998 Kan. Ct. R. Annot. 256).

IT IS FURTHER ORDERED that this order be published in the official Kansas Reports and that the costs of the proceeding be assessed to respondent.